IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division



FILED
MAR 30 2018
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JEFFREY KWASI DANKWAH MENSAH,<br><br>Defendant. | Case No. 1:18-MJ-164 |

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Cameron Foster, Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), being first duly sworn, hereby depose and state as follows:

INTRODUCTION AND AGENT BACKGROUND

1. I have been a Special Agent with HSI since 2012. I have experience investigating narcotics and firearms trafficking offenses. As part of these investigations, I have used various investigative techniques, including physical and stationary surveillance, informants and cooperating sources, court-authorized interceptions, pen register/trap and trace devices, telephone toll analysis, undercover operations, physical searches, mail covers, and electronic examinations of evidence. I have monitored numerous calls and meetings with persons under investigation, including wiretap communications of drug traffickers and gang members and associates. I have worked alongside and consulted with many law enforcement officials and other professionals experienced in drug and gang-related investigations. I am aware of how drug traffickers and gang members organize and operate their illegal activities, including the use of locations, vehicles, and other resources in the furtherance of the illegal activities.

2. I submit this affidavit in support of a criminal complaint charging JEFFREY KWASI DANKWAH MENSAH with unlawfully, knowingly, and intentionally combining, conspiring, confederating, and agreeing with others to unlawfully, knowingly, and intentionally distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) & 846.

3. The facts and information contained in this affidavit are based upon my personal knowledge of the investigation and information obtained from other state and federal law enforcement officers. This affidavit contains information necessary to support probable cause. The information contained in this affidavit is not intended to include each and every fact and matter observed by me or known to the government.

## PROBABLE CAUSE

4. On March 27, 2018, law enforcement in Albuquerque, New Mexico conducted a traffic stop on a tractor trailer vehicle transporter. While inspecting the bill of lading for a white Ford F-150, vehicle identification number 1FTRW12W06KD89376 ("the Target Vehicle"), investigators observed missing identifying information for the contact associated with the vehicle. In particular, the bill of lading identified the contact for the Target Vehicle as "Tony," with no last name provided, and a phone number of (323) 217-XXXX ("the Target Phone Number"). According to the bill of lading, the Target Vehicle was destined for and address on Dogues Terrace, Woodbridge, Virginia 22191. Further inspection of the Target Vehicle revealed that it was missing license plates.

2

5. Investigators obtained consent from the vehicle transporter drivers to inspect the Target Vehicle. During a search of the Target Vehicle, investigators found a concealed compartment behind the vehicle's rear passenger-side seat, hidden beneath carpet. To access the compartment, law enforcement first had to move the seat itself, which could only be accomplished by means of connecting a battery (with jumper cables) to a metal bar on the headrest of the rear passenger-side seat. Within the concealed compartment, investigators found several vacuum-sealed packages containing a white powdery substance, which field-tested positive for cocaine. The packages weighed a total of approximately 4.55 kilograms.

6. Following the discovery of the cocaine, investigators conducted an interview of the two vehicle transporter drivers. One of the drivers confirmed that the Target Vehicle was destined for Woodbridge, Virginia, and explained that an individual had called the driver from the Target Phone Number. The caller confirmed that he would accept delivery of the Target Vehicle in Woodbridge, Virginia.

7. On or about March 28, 2018, the Honorable Theresa Carroll Buchanan, United States Magistrate Judge, signed a search warrant and order authorizing the installation of a tracking device on the Target Vehicle, a break wire device in the concealed compartment, and a video camera recording device inside the Target Vehicle's cab. Law enforcement subsequently installed all three devices, and placed a bag containing flour into the compartment from which investigators had previously seized the suspected cocaine. The bag was a clear, plastic bag with a seam that reads "Drug Enforcement Administration."

8. On or about March 29, 2018, at approximately 12:50 p.m., law enforcement

established surveillance of the vehicle transporter at a parking lot in Woodbridge, Virginia. Investigators observed the transporter off-load the Target Vehicle. At approximately 1:17 p.m., a white Chevrolet Impala parked alongside the transporter. An individual subsequently identified as JEFFREY KWASI DANKWAH MENSAH ("MENSAH") exited the Impala, and met with the vehicle transporter drivers. MENSAH then walked to the Target Vehicle and placed license plates upon the truck. MENSAH then entered the truck, and drove away from the parking lot.

9. Following his departure from the parking lot, MENSAH drove the vehicle down several dead-end roads, after which he made U turns and returned to the highway. He also parked the vehicle multiple times and waited for several minutes. From my training and experience, I recognized MENSAH's driving actions as consistent with those of an individual attempting to avoid law enforcement mobile surveillance.

10. At approximately 2:00 p.m., law enforcement observed MENSAH park the Target Vehicle in front of a home on Dogues Terrace, Woodbridge, Virginia 22191 ("the Target Residence"). MENSAH then entered the Target Residence.

11. At approximately 2:30 p.m., law enforcement observed MENSAH exit the Target Residence with a bag in hand, and enter the Target Vehicle. As captured by the video recording device installed within the cab of the Target Vehicle, MENSAH plugged a cable into the cigarette lighter and climbed into the vehicle's backseat. After contacting the rear driver-side headrest with the cable, MENSAH then placed the cable to the rear passenger-side headrest, releasing the seat to reveal the carpeted area covering the concealed compartment. MENSAH subsequently removed the carpet, and reached into the compartment to remove the bag of flour placed in the

4

vehicle by agents. MENSAH looked at the bag, and returned it to the compartment.

12. After exiting and reentering the Target Vehicle, MENSAH again accessed the concealed compartment, and reexamined the bag of flour. MENSAH then exited the vehicle once more before reentering the vehicle again and re-accessing the concealed compartment. On this occasion, MENSAH retrieved the break wire device installed by law enforcement in the compartment. Upon finding the device, MENSAH entered the driver's seat of the vehicle, and drove the vehicle away from the Target Residence. MENSAH parked the vehicle approximately a mile from the Target Residence, and exited the vehicle with the break wire device. MENSAH then dropped the device outside the vehicle before returning to the vehicle. MENSAH then drove the Target Vehicle approximately five blocks further before exiting the vehicle. Law enforcement thereafter observed MENSAH walking back to and re-entering the Target Residence.

13. At approximately 3:30 p.m., law enforcement observed MENSAH exiting the Target Residence wearing a backpack. MENSAH then began running, at which time law enforcement pursued and ultimately arrested MENSAH. MENSAH possessed a Virginia driver's license bearing the name JEFFREY KWASI DANKWAH MENSAH.

CONCLUSION

14. Based upon the foregoing, I believe probable cause exists that from on or about March 29, 2018, in Woodbridge, Virginia, within the Eastern District of Virginia, and elsewhere, JEFFREY KWASI DANKWAH MENSAH, unlawfully, knowingly, and intentionally combined, conspired, confederated, and agreed with others, known and unknown, to unlawfully, knowingly, and intentionally distribute 500 grams or more of a mixture and substance containing a detectable

5

amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) & 846.

    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

_____
Cameron Foster
Special Agent (HSI)

Subscribed and sworn to before me this 30th day of March 2018.

_____/s/_____
Ivan D. Davis
United States Magistrate Judge